# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2010

No. 09-50503
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL HERNANDEZ-MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3488-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Hernandez-Morales pleaded guilty to illegal reentry into the United States following removal. The district court applied a 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because Hernandez-Morales had been convicted in Michigan of attempted criminal sexual conduct in the 3rd degree. The district court sentenced Hernandez-Morales to 41 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez-Morales argues that the district court erred in imposing a 16-level crime-of-violence enhancement because a forcible sex offense in the 3rd degree under Michigan law (MICH. COMP. LAWS ANN. § 750.520d(1)(b)) is not a crime of violence because it can be committed by coercion rather than physical force. The district court's characterization of a prior offense as a "crime of violence" is a question of law that this court reviews de novo. *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006).

In *United States v. Gomez-Gomez*, 547 F.3d 242, 247-49 (5th Cir. 2008) (en banc), this court looked to the plain, ordinary meaning of "forcible sex offense" and held that sex offenses committed using constructive force that would cause a reasonable person to succumb qualify as forcible sex offenses because such offenses necessarily involve victims who have not given actual or freely given consent. The conceded statute of conviction, MICH. COMP. LAWS ANN. § 750.520d(1)(b), requires nothing more or less than that force or coercion be used to accomplish the sexual penetration to make a person guilty of criminal sexual conduct in the third degree. This necessarily involves victims who have not given actual or freely given consent. *See Gomez-Gomez*, 537 F.3d at 248. Therefore, Hernandez-Morales's statute of conviction qualifies as a forcible sex offense. The district court did not err in applying the 16-level sentencing enhancement.

Hernandez-Morales asserts that the maximum sentence for his 8 U.S.C. § 1326 offense is two years of imprisonment because his indictment did not allege that he had a prior felony conviction. This court has held that Hernandez-Morales's argument is "fully foreclosed from further debate." *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

AFFIRMED.