# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2010

Lyle W. Cayce
Clerk

No. 09-40644
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

DANIEL SALINAS-SILVA,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-1372-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Daniel Salinas-Silva pleaded guilty to illegally reentering the United States after he had been deported. He received a four-level upward adjustment to his offense level under U.S.S.G. § 2L1.2(b)(1)(D) because he previously had been convicted in North Carolina of three counts of burning personal property—a felony. The Government objected, arguing that Salinas-Silva should have received a 16-level increase under § 2L1.2(b)(1)(A) because, it asserted, burning personal property amounts to arson, a crime of violence. *See* § 2L1.2,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comment. (n.1(b)(iii)). The district court disagreed and sentenced Salinas-Silva to a 24-month prison term, which was at the top of the guidelines range. The Government appeals.

We review de novo the district court's conclusion as to whether a prior conviction constitutes a crime of violence for purpose of the Sentencing Guidelines. *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006). At the time Salinas-Silva was sentenced, we had not yet determined the meaning of the term "arson" as used in the application notes to § 2L1.2. Since then, we have determined that arson involves "a willful and malicious burning of property." *United States v. Velez-Alderete*, 569 F.3d 541, 546 (5th Cir. 2009).

Salinas-Silva's convictions under N.C. GEN. STAT. § 14-66 were for crimes of violence if the full range of conduct prohibited under the statute falls within the definition of arson. *See Velez-Alderete*, 569 F.3d at 544; *United States v. Gomez-Gomez*, 547 F.3d 242, 244 (5th Cir. 2008) (en banc). If the statute prohibits some conduct that does not constitute arson, then a conviction under it is not for a crime of violence. *Gomez-Gomez*, 547 F.3d at 244-45. The statute under which Salinas-Silva was convicted makes it a crime to

> wantonly and willfully set fire to or burn, or cause to be burned, or aid, counsel or procure the burning of, any goods, wares, merchandise or other chattels or personal property of any kind, whether or not the same shall at the time be insured by any person or corporation against loss or damage by fire, with intent to injure or prejudice the insurer, the creditor or the person owning the property, or any other person, whether the property is that of such person or another.

N.C. GEN. STAT. § 14-66.

Salinas-Silva's arguments that this statute is broader than our definition of arson are unavailing. He contends that the North Carolina statute was not singled out by the court in *Velez-Alderete* as an example of a state criminal

2

statute that contributes to a consensus on the meaning of arson. This argument is unpersuasive because the *Velez-Alderete* court cited the state arson statutes for the sole purpose of explaining why it rejected that defendant's argument that arson necessarily involves harm to a person. *Velez-Alderete*, 569 F.3d at 544-45 & n.4. The court did not suggest that the cited statutes constituted an exhaustive list of state arson statutes.

Salinas-Silva also argues that the North Carolina statute is broader than our definition of arson, observing that the statute forbids burning one's own property (rather than requiring that the property belong to another person) and that it criminalizes burning property if the defendant intends to injure or prejudice anyone, even someone with no ownership interest in the property. However, like the North Carolina statute, the Texas statute that we found to constitute an arson statute in *Velez-Alderete* did not require that the property burned belong to another person or that the burning injure or prejudice someone with an ownership interest. *Velez-Alderete*, 569 F.3d at 544.

All of the conduct that the North Carolina statute prohibits—willfully burning or participating in the burning of personal property intending to injure or prejudice another person—constitutes the "malicious burning of property," and thus Salinas-Silva has been convicted of arson and is subject to § 2L1.2(b)(1)(a)(ii)'s 16-level enhancement. *See Velez-Alderete*, 569 F.3d at 546.

Therefore, Salinas-Silva's sentence is VACATED and the case is REMANDED to the district court for resentencing.