IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 05-41461

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE GOMEZ-GOMEZ, also known as Jose L Lopez,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Texas

Before JONES, Chief Judge, REAVLEY, JOLLY, DAVIS, SMITH, WIENER, BARKSDALE, GARZA, BENAVIDES, STEWART, DENNIS, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK, and HAYNES, Circuit Judges.[1]

E. GRADY JOLLY and FORTUNATO P. BENAVIDES, Circuit Judges:

This case presents the question of whether a sex offense committed using constructive force, i.e., nonphysical force, may qualify as a "forcible sex offense" and thereby a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A). Jorge Gomez-Gomez appeals the district court's holding that his prior conviction under California's rape statute was a conviction for a crime of violence under § 2L1.2(b)(1)(A) because it was a forcible sex offense. A unanimous panel of this Court vacated Gomez-Gomez's sentence and remanded the case for resentencing,

---

[1] Judge KING did not participate in this decision.

finding that Gomez-Gomez's prior rape conviction did not constitute a forcible sex offense because the use of physical force was not a required element under California's rape statute. 493 F.3d 562 (5th Cir. 2007). We granted the Government's petition for rehearing en banc, 517 F.3d 730 (5th Cir. 2008), and now AFFIRM Gomez-Gomez's sentence.

I.

In 1991 Gomez-Gomez pled guilty to violating California's rape statute, which prohibits sexual intercourse "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person of another." Cal. Penal Code § 261(a)(2) (1991). At the time of his plea, duress encompassed "a direct or implied threat of . . . hardship, or retribution sufficient to coerce a reasonable person of ordinary susceptibilities."[2] Cal. Penal Code § 261(b) (1991).

In 2005 Gomez-Gomez was arrested for illegally reentering the United States. A jury convicted him, and the judge sentenced him to 100 months in prison, finding that Gomez-Gomez's 1991 conviction qualified as a prior conviction for a crime of violence under § 2L1.2 of the advisory Federal Sentencing Guidelines. Gomez-Gomez asks this Court to find that his 1991 offense was not a crime of violence. Although, post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S.Ct. 586, 596 (2007). In that respect, for a guidelines issue preserved in district court, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g.,

---

[2] In 1993, the California legislature amended Cal. Penal Code § 261(b) by removing the term "hardship" from the definition of duress. See People v. Leal, 94 P.3d 1071, 1075 (Cal. 2004).

United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

II.

U.S.S.G. § 2L1.2(b)(1)(A) provides a sixteen-level enhancement under the Sentencing Guidelines for defendants convicted of unlawfully reentering the United States who have a prior conviction for a crime of violence. A crime of violence is defined as:

> [A]ny of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. 1(B)(iii). Under this definition, a prior offense is a crime of violence if it: (1) has physical force as an element, or (2) qualifies as one of the enumerated offenses. Because Gomez-Gomez and the Government agree that a conviction under the California statute does not require the use of physical force as an element, we consider only whether the offense of conviction qualifies as one of the enumerated offenses. The relevant enumerated offense in this case is "forcible sex offenses."

To determine whether Gomez-Gomez's prior criminal offense qualifies as a forcible sex offense, we do not look to his actual conduct. Instead, we consider the offense categorically by looking "only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). If the full range of the conduct prohibited by the California rape statute falls under the definition of a forcible sex offense, then we must hold that Gomez-Gomez's prior offense, rape as set forth in the California statute, was a crime of violence. If, on the other hand, the California statute prohibits some conduct that is not a forcible sex offense, then Gomez-Gomez's offense was not a crime of violence. Based on the language of the statute, the Government

concedes, for purposes of this appeal, that Gomez-Gomez could have been convicted for rape accomplished by means of duress, and that Gomez-Gomez's rape conviction cannot constitute a forcible sex offense if rape by means of duress does not qualify as a forcible sex offense.[3]

## III.

We first addressed the meaning of the term forcible sex offense under § 2L1.2 in United States v. Sarmiento-Funes, 374 F.3d 336 (5th Cir. 2004). In Sarmiento-Funes, the defendant pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326—the same offense that Gomez-Gomez was convicted of in this case. Id. at 338. At sentencing, the district court applied a crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because the defendant was previously convicted of sexual assault in Missouri. Id. In Missouri, sexual assault is defined as "sexual intercourse with another person knowing that he does so without that person's consent." Mo. Ann. Stat. § 566.040(1) (2008). Under Missouri law, consent is absent, even if the victim "assented" or submitted to the act when:

> (a) It is given by a person who lacks the mental capacity to authorize the conduct charged to constitute the offense and such mental incapacity is manifest or known to the actor; or
> (b) It is given by a person who by reason of youth, mental disease or defect, or intoxication, is manifestly unable or known by the actor

---

[3] Despite the general rule that a prior crime is defined categorically by the statute of conviction, a crime's definition may be narrowed based, e.g., on the specific facts contained in the charging papers. See Shepard v. United States, 544 U.S. 13, 30 (2005); United States v. Carbajal-Diaz, 508 F.3d 804, 807 (5th Cir. 2007). In determining whether a prior crime amounts to one of the enumerated offenses under § 2L1.2, we have held that a court "can look to those facts contained in the charging papers and that are necessary to the verdict or the plea." Carbajal-Diaz, 508 F.3d at 809. While the felony complaint primarily tracks the language of Cal. Penal Code § 261(a)(2), it lists the means of committing the offense conjunctively instead of disjunctively. The Government concedes that it waived the argument that this requires construing Gomez-Gomez's guilty plea as an admission to having committed rape through all of the means listed in the felony complaint, including "force, violence, duress, menace, and fear of immediate and unlawful bodily injury," by failing to raise this argument in its principal brief on appeal.

to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged to constitute the offense; or
(c) It is induced by force, duress, or deception[.]

Mo. Ann. Stat. § 556.061(5) (2008).

On appeal, we vacated the defendant's sentence and remanded for resentencing. Sarmiento-Funes, 374 F.3d at 337. First, we found that the defendant's Missouri sexual assault conviction did "not have, as an element, the use of physical force against the person of another." Id. at 341. This court drew a distinction between offenses where the victim consents as a matter of fact, or "assents," but the law disregards or countermands the victim's decision, such as where the victim is underage or the assent is the result of deception or intoxication, and offenses where the victim does not consent as a matter of fact. Id. at 341 & n.7. We found that "intercourse does not involve the use of force when it is accompanied by consent-in-fact." Id. at 341.

We next considered whether the defendant's prior conviction constituted a crime of violence because it qualified as a forcible sex offense. We observed that "it seems that the adjective 'forcible' centrally denotes a species of force that either approximates the concept of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue here," and that "when one specifically designates a sex offense as a 'forcible' sex offense, one probably does so in order to distinguish the subject sex offense as one that does require force or threatened force extrinsic to penetration." Id. at 344. We held that "regardless of the precise boundaries of the phrase," at least some of the conduct criminalized by the Missouri sexual assault statute did not constitute "forcible sex offenses."[4] Id.

---

[4] After the defendant in Sarmiento-Funes was sentenced, the Commission amended § 2L1.2 to include "statutory rape" as an enumerated crime of violence. Before November 2003, U.S.S.G. § 2L1.2 provided that the term "crime of violence":

(I) means an offense under federal, state, or local law that has as an element the

The en banc court finds that Sarmiento-Funes stands for the limited proposition that a sex offense does not involve the use of force when the victim consents in fact. Sarmiento-Funes did not address the question presented in this case: whether rape accomplished by means of nonphysical duress, in which the victim submits to sex due to constructive force but not physical force or the threat of physical force, is a forcible sex offense and thus a crime of violence under § 2L1.2. Sarmiento-Funes does not, as the panel opinion in this case mistakenly concluded, define forcible sex offense as requiring physical force. Our opinion in Sarmiento-Funes observed only that the adjective "forcible" likely refers to "a species of force that either approximates the concept of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue" in that case and that a forcible sex offense was probably one that requires "force or threatened force extrinsic to penetration." Id. at 344. We did not state that physical force is required or address whether words or actions of consent constitute consent in fact when they are procured through the application of constructive force. Id.

---

use, attempted use, or threatened use of physical force against the person of another; and
(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2 cmt. 1(B)(ii) (2002) (emphasis added). Section 2L1.2 was amended in November 2003, and the term "crime of violence" was redefined as:

[A]ny of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (emphasis added). The fact that this amendment lists statutory rape as a separate and distinct crime of violence in § 2L1.2 makes unnecessary any further inquiry into whether statutory rape is a forcible sex offense under § 2L1.2.

Our cases interpreting Sarmiento-Funes have provided seemingly inconsistent guidance as to whether the term forcible sex offenses includes sex offenses involving constructive force. In United States v. Luciano-Rodriguez, 442 F.3d 320 (5th Cir. 2006), we found that sex offenses involving exploitation of the emotional dependency engendered by a clergymen's or mental health service provider's position, coercion by a public servant, or a victim who is incapable of appraising the nature of the act or of resisting it as a result of mental disease or defect, were not necessarily "forcible" because "[i]n each of these situations, there may be assent in fact but no legally valid consent under the statute." Id. at 322. We observed that "[n]othing in this court's precedent . . . equates emotional manipulation by a clergyman or a mental health professional with the use of force." Id. at 323 n.15.

In United States v. Beliew, 492 F.3d 314, 316 (5th Cir. 2007), we addressed the meaning of the term forcible sex offenses for the purposes of U.S.S.G. § 4B1.2. We observed that the "[e]xpansion of the term 'forcible sex offense' through the fiction of 'constructive force' is bounded by Sarmiento-Funes," but held that an adult's "use of influence by virtue of a position of control or supervision" over a juvenile is "a form of psychological intimidation that carries an implicit threat of force, a species of force extrinsic to penetration, distinguishable from Sarmiento-Funes." Id. at 316–17. This holding appears to be in tension with our finding in Luciano-Rodriguez that duress or the exploitation of a position of influence in other contexts in which the victim is in a position of vulnerability does not involve the use of force because a victim may still "consent in fact" in those situations.

We now seek to clarify whether the term forcible sex offenses includes sex offenses involving constructive force. Because the Sentencing Guidelines do not define the term "forcible sex offense," "we look first to its plain, ordinary meaning" by consulting the dictionary. See United States v. Izaguirre-Flores,

405 F.3d 270, 275 (5th Cir. 2005) (per curiam). A sex offense or "sexual offense" is "[a]n offense involving unlawful sexual conduct." Black's Law Dictionary 1112 (8th ed. 2004). "Forcible" is defined as "[e]ffected by force or threat of force against opposition or resistance," id. at 674, and force is defined as "[p]ower, violence, or pressure directed against a person or thing," id. at 673. Therefore, a sex offense is forcible if, at the least, it is committed using force or forcible compulsion against opposition or resistance.

Gomez-Gomez argues that the term forcible sex offenses encompasses only "sex offenses involving at least some quantum of physical force or threat of violence," but the definitions make clear that physical force is not required. The word "force" is defined broadly as "[p]ower, violence, or pressure directed against a person or thing," Black's Law Dictionary 673 (8th ed. 2004) (emphasis added), and "pressure" is defined as "the burden of physical or mental distress." Webster's Third New International Dictionary 1795 (1981). Because pressure, which may be both mental and physical in nature, constitutes force, the term "forcible sex offense" encompasses sex offenses committed using constructive force. See also Beliew, 492 F.3d at 316 (finding that psychological intimidation is forcible). This interpretation is supported by the fact that the Sentencing Commission explicitly modified the term "force" in the elements test for a crime of violence with the term "physical," but eschewed such a modifier for the enumerated crime of violence "forcible sex offenses." See U.S.S.G. § 2L1.2 cmt. 1(B)(iii).

Gomez-Gomez also argues that interpreting the term forcible sex offenses to encompass sex offenses that do not involve the use of physical force or the threat of physical force would render superfluous the eight-level enhancement for aggravated felonies, including rape, under U.S.S.G. § 2L1.2(b)(1)(C).[5] Gomez-

---

[5] U.S.S.G. § 2L1.2(b)(1)(C) provides an eight-level enhancement for defendants previously convicted of an "aggravated felony," which is defined as "ha[ving] the meaning given

Gomez asserts that listing rape as an aggravated felony is redundant if rape always qualifies for the sixteen-level crime-of-violence enhancement as a forcible sex offense, and therefore "forcible sex offense" must embrace only the most egregious forms of rape, which he contends to be rape "involving at least some quantum of physical force or threat of violence." However, many offenses are eligible for both the eight-level and the sixteen-level enhancements under U.S.S.G. § 2L1.2. See United States v. Treto-Martinez, 421 F.3d 1156, 1158 (10th Cir. 2005) (recognizing that defendant's prior conviction qualified for the eight-level and sixteen-level enhancements under U.S.S.G. § 2L1.2). For example, murder, like rape, is an aggravated felony that qualifies for an eight-level enhancement. See U.S.S.G. § 2L1.2 cmt. 3(A); 8 U.S.C. § 1101(a)(43). Murder also always qualifies for the sixteen-level crime-of-violence enhancement because murder is an enumerated offense. U.S.S.G. § 2L1.2 cmt. 1(B)(iii). The Sentencing Commission is aware of the redundancies contained in the guidelines, and has instructed courts to "[a]pply the [g]reatest" enhancement applicable. U.S.S.G. § 2L1.2(b)(1).

In light of the foregoing, we find that sex offenses committed using constructive force that would cause a reasonable person to succumb qualify as "forcible sex offenses," and therefore crimes of violence, under § 2L1.2.[6] Such offenses, by definition, involve victims who have not consented in fact, even if the victim has nominally consented. As we use the phrase, "consent in fact" means

that term in 8 U.S.C. 1101(a)(43)." U.S.S.G. § 2L1.2 cmt. 3(A). 8 U.S.C. § 1101(a)(43) in turn lists a number of offenses that qualify as an aggravated felony, including "murder, rape, sexual abuse of a minor" and "a crime of violence." 8 U.S.C. § 1101(a)(43)(A) and (F).

[6] We decline to address the implications of our interpretation in this case of the term "forcible sex offenses" under § 2L1.2 for the meaning of same phrase in § 4B1.2. Although § 4B1.2 and § 2L1.2 both list "forcible sex offenses" as crimes of violence, § 4B1.2 does not contain "statutory rape" and "sexual abuse of a minor" as separate and distinct crimes of violence. We leave the task of further specifying the meaning of "forcible sex offenses" in either section for cases that squarely present those issues.

consent actually and freely given. A mere word or action indicating consent that is given under duress, whether through physical or nonphysical means, and against the free will of the victim, indicates nothing about whether the victim in fact wishes to engage in sex; such nominal consent is solely a creature of the duress, and the perpetrator who has applied physical or constructive force to make the victim submit cannot reasonably interpret such a word or action as indicating that the victim actually wishes to manifest consent. See Black's Law Dictionary 542 (8th ed. 2004) (defining duress as "a threat of harm made to compel a person to do something against his or her will or judgment"). Such "consent" is not simply null as a matter of law, as with a word or action indicating consent freely given by an underage victim in a statutory rape case, but null as a matter of fact.[7]

## IV.

Comparing the definitions of Gomez-Gomez's prior conviction and the term "forcible sex offenses," we find that the district court properly applied the crime-of-violence enhancement in this case. As discussed above, we hold that sex offenses committed using constructive force that would cause a reasonable person to succumb qualify as crimes of violence under § 2L1.2. The California statute underlying Gomez-Gomez's prior conviction criminalizes intercourse "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate or unlawful bodily injury on the person of another." Cal. Penal Code § 261(a)(2) (1991). Duress, at the time of Gomez-Gomez's plea, encompassed "a direct or implied threat of . . . hardship, or retribution sufficient to coerce a reasonable person of ordinary susceptibilities." Cal. Penal Code §

---

[7] The Commission's proposed amendment to § 2L1.2 attaches the following parenthetical to the phrase "forcible sex offenses": "(including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." U.S.S.G. § 2L1.2 cmt. 1(b)(iii) (eff. Nov. 1, 2008). We need not address the proposed amended definition here because the definition in effect at the time of sentencing governs. See 18 U.S.C. §§ 3553(a)(4)(A)(ii), 3742(g)(1).

261(b) (1991). The full range of conduct prohibited by the California rape statute falls under the definition of "forcible sex offenses." For this reason, the judgment of the district court is

AFFIRMED.