**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2011

No. 09-41001
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO RODRIGUEZ-JUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

The Federal Public Defender appointed to represent Jose Antonio Rodriguez-Juarez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Rodriguez-Juarez filed a response objecting to the withdrawal and requesting appointment of counsel. The motion to withdraw was denied by a single-judge order based upon only one issue – the question of Rodriguez-Juarez's sentencing enhancement; in all other respects, the court agreed that any appeal would be frivolous. Rodriguez-Juarez's counsel filed a motion for panel reconsideration. *See* 5TH CIR. R. 27.2.

No. 09-41001

At his sentencing, Rodriguez-Juarez was subjected to a 16-level enhancement based upon the determination that his Indiana conviction for the offense of sexual battery qualified as a "crime of violence."   *See* U.S. SENTENCING COMMISSION GUIDELINES MANUAL § 2L1.2(b)(1)(a)(ii).  The statute under which he was convicted provides:

> A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is:
> (1) compelled to submit to the touching by force or the imminent threat of force; or
> (2) so mentally disabled or deficient that consent to the touching cannot be given;
> commits sexual battery, a Class D felony.

IND. CODE § 35-42-4-8(a).

Because we have no documents from which to determine under which subsection Rodriguez-Juarez was convicted, we must examine both to determine whether his conviction qualifies.  Under our precedent, a conviction under subpart two, without a further showing of lack of assent, arguably would not qualify as a crime of violence.  *See, e.g., United States v. Luciano-Rodriguez*, 442 F.3d 320, 322-23 (5th Cir. 2006) (holding that a conviction for a sexual assault was not a forcible sex offense because it could have been based on assent when, inter alia, "the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it"); *United States v. Sarmiento-Funes*, 374 F.3d 336, 341 (5th Cir. 2004) (holding that a conviction for sexual assault was not a forcible sex offense because it could have been based on assent that is "the product of deception or a judgment impaired by intoxication").

In 2008, after the above decisions, but before Rodriguez-Juarez was sentenced, the Guidelines were amended.  The new Guidelines specify that the definition of "crime of violence" includes sexual offenses "where consent to the conduct . . . is not legally valid, such as where consent to the conduct is

2

No. 09-41001

involuntary, incompetent, or coerced." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). In its reasons for the amendment, the Sentencing Commission explained that "[a]pplication of the amendment . . . would result in an outcome that is contrary to cases excluding crimes in which 'there may be assent in fact but no legally valid consent' from the scope of 'forcible sex offenses'" and cited examples of such cases, including *Luciano-Rodriguez* and *Sarmiento-Funes.* U.S.S.G. app. C, amend. 722.

This court has not yet addressed what effect the amended crime of violence definition has upon its previous rulings addressing whether a conviction for a sexual offense involving a person whose consent was legally invalid constitutes a forcible sexual offense. Rodriguez-Juarez's counsel argues, however, that because the revisions to the Sentencing Guidelines expressly state that they were meant to change the result reached by our prior precedents, Rodriguez-Juarez could not prevail on plain error review of this matter. *See id.*

Because we have not previously addressed this issue in a published opinion, we do so here and conclude that the effect of the revisions to the Sentencing Guidelines is to make our prior precedent inapplicable to sentences calculated under the revised version of U.S.S.G. § 2L1.2(b)(1)(A)(ii). Accordingly, we conclude that Rodriguez-Juarez's counsel should be permitted to withdraw, Rodriguez-Juarez's motion for appointment of counsel should be denied, and this appeal should be dismissed.

MOTION TO WITHDRAW GRANTED;MOTION TO APPOINT DENIED; APPEAL DISMISSED. *See* 5TH CIR. R. 42.2.