**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2011

No. 10-40179

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAVIER DIAZ–CORADO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:

Defendant–Appellant Javier Diaz–Corado pled guilty to illegally reentering the country after having been deported and was sentenced to 51-months' imprisonment. On appeal, he challenges the district court's imposition of a sixteen-level sentence enhancement under United States Sentencing Guidelines Manual § 2L1.2, arguing that his previous Colorado criminal conviction for unlawful sexual contact was not a "crime of violence." We AFFIRM.

### I. Factual & Procedural Background

Javier Diaz–Corado is a Guatemalan citizen who first entered the country on a work permit in 1993. In 1999, Diaz–Corado was charged with the Colorado

crimes of aggravated incest on a relative younger than ten, two counts of sexual assault of a child, and unlawful sexual contact.  A warrant was issued for his arrest.  In 2008, Diaz–Corado pled guilty to one count of unlawful sexual contact, in violation of Colorado Revised Statutes § 18-3-404(1)(a), and the remaining charges in the Colorado indictment were dismissed.  On June 23, 2009, Diaz–Corado was deported to Guatemala.

On September 2, 2009, Diaz–Corado was apprehended by Border Patrol Agents in Brooks County, Texas.  Diaz–Corado pled guilty to illegal reentry in violation of 8 U.S.C. § 1326.  The presentence investigation report ("PSR") in Diaz–Corado's case recommended a total offense level of twenty-one.  This reflected a base offense level of eight for illegal reentry, *see* U.S.S.G. § 2L1.2(a) (Nov. 2008), a sixteen-level increase for Diaz–Corado's unlawful sexual contact conviction on the grounds that it was a "crime of violence," *see id.* § 2L1.2(b)(1)(A)(ii), and a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a), (b).  Given Diaz–Corado's criminal history category of II, the PSR stated that the advisory Guideline range for Diaz–Corado's offense was forty-one to fifty-one months.  U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

Diaz–Corado objected to the PSR on the ground that his conviction for unlawful sexual contact was not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) because it was not a forcible sex offense and was not an offense that has as an element the use, attempted use, or threatened use of physical force.  *See* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).  Diaz–Corado justified this characterization of his conviction because it could be committed without any force or compulsion.  The district court overruled Diaz–Corado's objection to the PSR.  Turning to § 3553(a), the district court stated that it had considered "all of the factors in 3553(a), including the guidelines . . . and the need to prevent future criminal conduct . . . [a]nd most particularly to protect citizens."  The

No. 10-40179

district court then sentenced Diaz–Corado to fifty-one months' imprisonment. Diaz–Corado appealed.

## II.  Discussion

The sole basis for Diaz–Corado's appeal is that the district court erred when it concluded that his conviction for unlawful sexual contact was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which resulted in a sentence beyond the correct Guidelines range.  As a general matter, the reasonableness of the sentence imposed by the district court is reviewed for an abuse of discretion. *United States v. Lopez–Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38 (2007)).  But this court reviews *de novo* the district court's interpretation and application of the Guidelines, including whether "a defendant's prior conviction qualifies as a 'crime of violence' within the meaning of [U.S.S.G. § 2L1.2]." *United States v. Hernandez–Galvan*, 632 F.3d 192, 196 (5th Cir. 2011) (citation omitted).  When interpreting the Guidelines, the relevant Commentary in the Guidelines Manual "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

The Guidelines instruct that a defendant's offense level is to be increased by sixteen levels where he was "previously deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii).  For purposes of Diaz–Corado's appeal, the relevant Commentary defines a crime of violence as:  (1) "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)"; or (2) "any other offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).  Thus, an offense qualifies as a crime

of violence if it "has physical force as an element" or "qualifies as one of the enumerated offenses" in the Commentary. *United States v. Gomez–Gomez*, 547 F.3d 242, 244 (5th Cir. 2008) (en banc). "If the statute of conviction prohibits behavior that is not within the plain, ordinary meaning of the enumerated offense, the prior offense is not a 'crime of violence.' " *United States v. Olalde–Hernandez*, 630 F.3d 372, 374 (5th Cir. 2011) (citation omitted). In determining whether a crime qualifies as a crime of violence, this court looks "only to the particular subdivision of the statute under which the defendant was convicted" rather than the defendant's specific conduct. *Id.* (citation and internal quotation marks omitted).

In this case, Diaz–Corado pled guilty to violating Colorado Revised Statutes § 18-3-404(1)(a), which states that "[a]ny actor who knowingly subjects a victim to any sexual contact commits unlawful sexual contact if . . . [t]he actor knows that the victim does not consent." For purposes of unlawful sexual contact, "consent" is defined as "cooperation in act or attitude pursuant to an exercise of free will and with knowledge of the nature of the act. . . . Submission under the influence of fear shall not constitute consent." COLO. REV. STAT. § 18-3-401(1.5). The statute defines "sexual contact" as

> the knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if the sexual contact is for the purposes of sexual arousal, gratification, or abuse.

*Id.* § 18-3-401(4).

Pursuant to the definition of "forcible sex offense" found in the Commentary to § 2L1.2, we conclude that unlawful sexual contact in violation of Colorado Revised Statute § 18-3-404(1)(a) is a forcible sex offense. Diaz–Corado's unlawful sexual contact conviction necessarily involved contact with the victim whom Diaz–Corado knew did not "cooperate in act or attitude"

No. 10-40179

with that contact.  As noted above, the Commentary to the Guidelines defines a forcible sex offense as "including where *consent to the conduct is not given* or is not legally valid." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (emphasis added); *see also United State v. Herrera*, — F.3d —, 2011 WL 2698982, at *5 (5th Cir. July 13, 2011) (applying Commentary definition to conclude that an Arkansas conviction was a crime of violence).  The language regarding consent in the Commentary was added in 2008 to make it "clear that forcible sex offenses, like all offenses enumerated in Application Note 1(B)(iii), are always classified as crimes of violence, regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. App. C, amend. 722 (Nov. 2008) (citation and internal quotation marks omitted).  Diaz–Corado's conviction for unlawful sexual contact falls squarely within the Commentary's definition of a forcible sex offense, and is, therefore, a crime of violence.

Diaz–Corado challenges this conclusion on two related bases.  First, Diaz–Corado argues that finding his unlawful sexual contact conviction is a forcible sex offense conflicts with the definition of that term this Court adopted, *en banc*, in *United State v. Gomez–Gomez*, 547 F.3d 242 (5th Cir. 2008).  The *Gomez–Gomez* court defined a forcible sex offense as one which "is committed using force or forcible compulsion against opposition or resistance." *Id.* at 247. Diaz–Corado argues that, because unlawful sexual contact requires only contact and an absence of consent, his Colorado conviction could have been for conduct outside the definition of a forcible sex offense in *Gomez–Gomez*.  However, this court decided *Gomez–Gomez* before the amended Commentary took effect and explicitly noted that the holding did not address the "proposed amended definition" of forcible sex offense. *Id.* at 248 n.7.  This court has recently held that the amended definition of forcible sex offense has supplanted this Circuit's previous definition of the term. *See Herrera*, 2011 WL 2698982, at *4 ("[O]ur

holding in [*Gomez–Gomez*] is no longer applicable to the extent that it defines forcible sex offense because the phrase is defined in the Guidelines."); *cf. United States v. Rodriguez–Juarez*, 631 F.3d 192, 194 (5th Cir. 2011) (per curiam) ("[T]he effect of the revisions to the Sentencing Guidelines is to make our prior precedent inapplicable to sentences calculated under the revised version of U.S.S.G. § 2L1.2(b)(1)(A)(ii)."). Therefore, contrary to Diaz–Corado's urging, this Circuit's previous definition of a forcible sex offense is not applicable in light of the Commentary's language expanding and clarifying that term.[1]

Nevertheless, Diaz–Corado argues that the amendment to the Commentary was not intended to define "forcible sex offense," but was intended *only* to reverse a line of cases that excluded offenses where there could be "assent in fact but no legally valid consent" from the definition of "forcible sex offense." Although the notes to the amendment state that application of the amendment overrules those cases, *see* U.S.S.G. App. C, amend. 722, this court has not read the amendment so narrowly. Instead, this court recently concluded that the phrase "including where consent to the conduct has not been given or is not legally valid" supplants the previous definition of forcible sex offense to include sex offenses where consent to the conduct is involuntary or cannot be given. *See Herrera*, 2011 WL 2698982, at *5 (characterizing sexual contact with a party who is "physically helpless, mentally defective, or mentally incapacitated" as a forcible sex offense because the victim is unable to consent); *cf. Rodriguez–Juarez*, 631 F.3d at 194 (involving statute criminalizing touching where the victim is "so mentally disabled or deficient that consent to touching cannot be given"). Moreover, it would make little sense to infer from the language in the amended Commentary—which directly connects a victim's lack of consent with forcible conduct—that it was meant to apply only when there is

---

[1] For this same reason, Diaz–Corado's reliance on this court's decision in *United States v. Rosas–Pulido*, 526 F.3d 829 (5th Cir. 2008), is unpersuasive.

assent to the act, but not legally valid consent, while excluding offenses from that definition where there was neither consent nor assent.

The Tenth Circuit's analysis in *United States v. Romero–Hernandez*, 505 F.3d 1082 (10th Cir. 2007), lends further support to our interpretation of the term forcible sex offense in this case. In *Romero–Hernandez*, the Tenth Circuit concluded that, under the pre-amendment version of the Guidelines, a violation of Colorado Revised Statutes § 18-3-404(1)(a) was a forcible sex offense for purposes of the sentence enhancement under U.S.S.G. § 2L1.2 because a sexual contact offense is "necessarily forcible when that person does not consent." *Romero–Hernandez*, 505 F.3d at 1089. Crucial to this conclusion was the *Romero–Hernandez* court's reasoning that, although forcible was generally defined as " '[e]ffected by force or threat of force against opposition or resistance,'" that definition was not applicable in the context of unlawful contact with another person. *Id.* at 1088 (quoting Black's Law Dictionary 674 (8th ed. 2004)). Rather, in that context, forcible contact occurs when a person " 'lay[s] one's finger on another person without lawful justification.'" *Id.* (quoting Black's Law Dictionary 674). Thus, the *Romero–Hernandez* court reasoned that opposition or resistance "should not be read to require active opposition or resistance [to a sex offense]" *Id.* "[T]he legal right to be free from interference will suffice." *Id.* This portion of the court's analysis in *Romero–Hernandez* is particularly persuasive because it echos the amended Commentary's connection between a lack of consent and forcible conduct. Accordingly, Diaz–Corado's violation of Colorado Revised Statutes § 18-3-404(1)(a) is a forcible sex offense, and is therefore subject to the sixteen-level increase in Diaz–Corado's base offense level as a "crime of violence."

Aside from his challenge to the district court's characterization of his conviction for unlawful sexual contact, Diaz–Corado does not otherwise

No. 10-40179

challenge the sentence imposed by the district court.  We therefore hold that the district court's sentence did not amount to an abuse of discretion.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.