# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2012

No. 11–41186
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN FLORES RODRIGUEZ, also known as Lopez Barajas, also known as Grabiel R. Flores, also known as Francis Javier, also known as Martin Flores, also known as Mauricio Garcia, also known as Francis Javier Lopezbarajas, also known as Martin Flores-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2771-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Martin Flores Rodriguez (Flores) appeals his sentence following his guilty plea conviction for being found illegally present in the United States after deportation. Flores challenges the imposition of a 16-level enhancement, which was based on a finding that his prior California conviction for sexual battery by restraint qualified as a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Flores did not object to the enhancement in the district court, we review his claim for plain error. *See United States v. Gutierrez,* 635 F.3d 148, 152 (5th Cir. 2011). To show plain error, Flores must show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The Sentencing Guidelines provide for an increase of 16 levels when a defendant was previously deported after a conviction for a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The definition of a crime of violence in the Commentary to § 2L1.2 lists various enumerated offenses, including "forcible sex offenses" or "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 cmt. n.1(B)(iii). The term "forcible sex offenses" specifically includes offenses "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." *Id.* This language was added "to make it clear that forcible sex offenses, like all offenses enumerated in Application Note 1(B)(iii), are always classified as crimes of violence, regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Diaz-Corado,* 648 F.3d 290, 293 (5th Cir. 2011) (internal quotation marks and citation omitted).

The Government supplemented the record with state court documents which establish that Flores was convicted under CALIFORNIA PENAL CODE § 243.4(a). Although we have not specifically addressed whether § 243.4(a) constitutes a crime of violence, we have held that similar statutes from other states do qualify as forcible sex offenses, and consequently as an enumerated offense, pursuant to the definitions in the Commentary. *See United States v. Herrera,* 647 F.3d 172, 176–180 (5th Cir. 2011) (Arkansas offense of sexual

conduct by forcible compulsion); *Diaz-Corado,* 648 F.3d at 293 (Colorado offense of unlawful sexual contact). We found in *Diaz-Corado* that because the defendant's conduct "necessarily involved" non-consensual sexual contact, the defendant's conviction "falls squarely within" the Sentencing Guidelines' definition of a forcible sex offense. *Id.* In the instant case, the California statute also requires non-consensual sexual contact. *See* § 243.4(a) (requiring, in part, that the sexual touching be "against the will of the person touched").

Because we have not specifically held that § 243.4(a) does not qualify as a crime of violence, and because we have held that similar statutes do qualify as a crime of violence, we conclude that Flores has not met his burden to show that the district court plainly erred when it imposed a 16-level enhancement to Flores's sentence. *See Puckett,* 556 U.S. at 135.

AFFIRMED.