**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2013

No. 11-41341

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILMER EDGARDO PERALTA-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-914-1

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant Wilmer Edgardo Peralta-Reyes pled guilty to illegal reentry under 8 U.S.C. § 1326(b)(2) following his removal subsequent to an aggravated felony conviction. He was sentenced to 36 months' imprisonment and a three-year term of supervised release. On appeal, he challenges the district court's imposition of a 16-level enhancement under the United States Sentencing Guidelines Manual § 2L1.2 (2010), arguing that his previous Colorado felony conviction for attempted sexual assault was not a "crime of violence." He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41341

argues that he should have been convicted under 8 U.S.C. § 1326(b)(1) rather than Section 1326(b)(2) because his Colorado conviction does not constitute an aggravated felony.   We AFFIRM.

Peralta-Reyes, a citizen of Honduras, illegally entered the United States in 2005.  In 2009, he was charged under Colorado law with kidnapping and unlawful sexual contact.  In 2010, Colorado prosecutors added charges for attempted unlawful sexual contact and attempted sexual assault by overcoming the victim's will.  On June 25, 2010, Peralta-Reyes pled guilty to one count of attempted sexual assault in violation of Colorado Revised Statutes § 18-3-402(1)(a) (2009).  The other charges were dismissed.  On May 5, 2011, Peralta-Reyes was deported to Honduras.

On June 29, 2011, Border patrol agents apprehended Peralta-Reyes near Laredo, Texas.  Peralta-Reyes pled guilty to being unlawfully present in the United States under 8 U.S.C. § 1326.  The probation office prepared a presentence investigation report ("PSR") recommending a base-offense level of 8 for illegal reentry, *see* U.S.S.G. § 2L1.2(a), increased by 16 levels under Section 2L1.2(b)(1)(A)(ii) based on his prior conviction for a qualifying felony "crime of violence" – his 2010 Colorado conviction for attempted sexual assault.  This recommendation produced a Guidelines range of 51-63 months' imprisonment.

Peralta-Reyes objected to the PSR's 16-level "crime of violence" enhancement.  He argued his conviction for attempted sexual assault did not qualify as a crime of violence under Section 2L1.2(b)(1)(A)(ii).  Specifically, Peralta-Reyes argued attempted sexual assault does not have to be by force but can be by means of offering "something of value."  The district court rejected the argument, holding that Peralta-Reyes' prior conviction was a "crime of violence" because it qualified as a "forcible sex offense."  Nonetheless, due to concerns that extenuating circumstances may have existed regarding the attempted sexual

No. 11-41341

assault conviction, the court imposed a below Guidelines sentence of 36 months' imprisonment.

## DISCUSSION

Peralta-Reyes presents two issues on appeal. First, he argues the district court erred when it concluded that his conviction for attempted sexual assault was a crime of violence, which resulted in the use of the Section 2L1.2(b)(1)(A)(ii) enhancement. Second, he argues that he should have been convicted under Section 1326(b)(1) rather than Section 1326(b)(2) because his Colorado conviction, although a felony, does not constitute an aggravated felony.

### A.      *Crime-of-Violence Enhancement*

Peralta-Reyes argues that his Colorado conviction for attempted sexual assault does not constitute a forcible sex offense because the statute underlying the offense does not necessarily involve coercion, but instead, may be violated if the victim submits as the result of a bribe or bargain.

This court reviews sentences for reasonableness in two steps. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). First, we ensure that the sentencing court committed no significant procedural error, including improperly calculating the Guidelines range. *Id.* at 51. If there is no procedural error, we review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard, taking into account the totality of the circumstances. *Id.* The district court's characterization of a prior offense as a crime of violence within the meaning of the Guidelines is a question of law that this court reviews *de novo. United States v. Diaz-Corado*, 648 F.3d 290, 292 (5th Cir. 2011). "When interpreting the Guidelines, the relevant Commentary in the Guidelines Manual 'is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *Id.* (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

No. 11-41341

Section 2L1.2(b)(1)(A)(ii) provides that a defendant shall receive a 16-level increase if he was previously deported or remained in the United States unlawfully after his conviction of a crime of violence. Among the offenses specifically enumerated as crimes of violence in the Commentary are "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." § 2L1.2 cmt. n.1(B)(iii). An offense is a crime of violence if it "has physical force as an element" or qualifies as an enumerated offense listed in the Commentary. *United States v. Gomez-Gomez*, 547 F.3d 242, 244 (5th Cir. 2008) (en banc).

When determining whether a state conviction constitutes an enumerated offense for purposes of a Section 2L1.2(b)(1)(A)(ii) enhancement, the conduct underlying the particular offense and the label employed by the state's criminal code are irrelevant to the analysis. *Diaz-Corado*, 648 F.3d at 293. Instead, we use a "common sense approach" to determine whether a violation of the underlying statute constitutes the enumerated offense as that offense is understood in its "ordinary, contemporary, [and] common meaning." *United States v. Izaguirre-Flores*, 405 F.3d 270, 275 (5th Cir. 2005). When necessary to determine which provisions of a statute the defendant violated, a court may examine documents such as the judgment of conviction. *See Shephard v. United States*, 544 U.S. 13, 26 (2005).

The Colorado judgment states that Peralta-Reyes was convicted of violating Colorado Revised Statute Section 18-3-402(1)(a). The Colorado statute provides: "Any actor who knowingly inflicts sexual intrusion or sexual penetration on a victim commits sexual assault if . . . [he] causes submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim's will." As mentioned above, the Guideline's Commentary specifies that "forcible sex offenses" include sex offenses "where

No. 11-41341

consent to the conduct is not given." § 2L1.2 cmt. n.1(B)(iii).  According to this Commentary, the enumerated forcible sex offenses "are always classified as crimes of violence, regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Diaz-Corado*, 648 F.3d at 293 (quoting U.S.S.G. App. C, amend. 722 (Nov. 2008)).  Given that Peralta-Reyes' conviction statutorily requires "submission against the victim's will," it qualifies as an enumerated forcible sex offense and is a crime of violence.

Peralta-Reyes argues that despite the statutory language, a broader use of the statute has been sustained by a Colorado Court of Appeals decision that held a defendant violated Section 18-3-402(1)(a) by causing minor victims to submit in exchange for promises of a favorable test grade and hunting trips. *Colorado v. Walker*, No. 07CA1572, 2011 WL 724673, at *11 (Colo. App. Mar. 3, 2011).  The Government contends that *Walker* is distinguishable because the victims there were minors.  We see no reason to explore the meaning of this intermediate appellate court's opinion.[1]  The statute's requirement that the sexual intrusion be "against the victim's will" places the offense "squarely within the Commentary's definition of a forcible sex offense."  *See Diaz-Corado*, 648 F.2d at 293.  Therefore, Peralta-Reyes' conviction qualifies as a crime of violence.

B.    *Conviction Under 8 U.S.C. § 1326(b)(2)*

Peralta-Reyes argues he should have been convicted under Section 1326(b)(1) rather than under Section 1326(b)(2) because his Section 18-3-402(1)(a) Colorado conviction, although a felony, does not constitute an aggravated felony.  Peralta-Reyes failed to raise this claim in the district court.

---

[1] The authoritative pronouncements of a state statute's meaning come from that state's highest court, though an intermediate court's interpretation will be examined for its ability to persuade.  *Patrick v. Wal-Mart, Inc. – Store #155*, 681 F.3d 614, 617-18 (5th Cir. 2012).

No. 11-41341

Therefore, we review for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009).

Under the plain error standard of review, Peralta-Reyes' judgment will be reformed only if he shows: "(1) error; (2) that is plain (clear or obvious); and (3) that affects his substantial rights." *United States v. Rojas-Gutierrez*, 510 F.3d 545, 548 (5th Cir. 2007). If he makes this showing, "the decision to correct the forfeited error is then within this court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Peralta-Reyes concedes that, because he cannot show that the error affected his substantial rights, resentencing is precluded. *See Mondragon-Santiago*, 564 F.3d at 369. Nonetheless, he argues the judgment must be reformed to reflect that he was convicted under Section 1326(b)(1).

Section 1326(b)(2) provides that an alien "whose removal was subsequent to a conviction for commission of an aggravated felony" shall be "imprisoned not more than 20 years." The term "aggravated felony," in turn, is defined by 8 U.S.C. § 1101(a)(43), which contains numerous subsections. In particular, subsection § 1101(a)(43)(F) provides that a conviction constitutes an aggravated felony if the conviction results in a sentence of more than one year and meets the definition of a "crime of violence" under 18 U.S.C. § 16. Section 16 defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

No. 11-41341

Attempting to commit such an offense is also an aggravated felony.  8 U.S.C. § 1101(a)(43)(U).

To determine whether a conviction constitutes an aggravated felony, "courts apply the categorical approach and look primarily to the text of the statute violated." *Zaidi v. Ashcroft*, 374 F.3d 357, 360 (5th Cir. 2004).  This court has not determined whether a conviction under Section 18-3-402(1)(a) constitutes an aggravated felony or a crime of violence under Section 1101(a)(43)(F).  Nevertheless, the district court's determination that Peralta-Reyes' conviction for sexual assault "by means of sufficient consequence reasonably calculated to cause submission against the victim's will" was a crime of violence was not plain error.  Colo. Rev. Stat. § 18-3-402(1)(a).  We have stated that "the non-consent of the victim is the touchstone for determining whether a given offense involves a substantial risk that physical force may be used in the commission of the offense" in holding that an Oklahoma sexual-battery conviction was a crime of violence under Section 1101(a)(43)(F).  *Zaidi*, 374 F.3d at 361 (quotation marks omitted).  Here, non-consent of the victim is an element of the crime in that it requires "submission against the victim's will."  Colo. Rev. Stat. § 18-3-402(1)(a).

The district court did not commit plain error, and Peralta-Reyes' judgment need not be reformed.

AFFIRMED.

7