# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40762

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

GERARDO ROSALES-OROZCO, also known as Geraldo Rosales, also known as Geraldo S Rosales, also known as Gerardo Rosales,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-267-1

Before STEWART, CLEMENT, and HO,* Circuit Judges.

PER CURIAM:**

Defendant-Appellant Gerardo Rosales-Orozco timely appeals his 21-month imprisonment sentence for illegal reentry under 8 U.S.C. § 1326. He contends that the district court erroneously classified his prior state-court conviction as a section 1326(b)(2) aggravated felony. Because Rosales-Orozco's

---

* Judge Ho concurs in the judgment only.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40762

prison term has expired, he only seeks reformation of his judgment. We AFFIRM the district court's section 1326(b)(2) application.

I.

Facts and Sentencing Proceedings

Rosales-Orozco, a citizen of Mexico, is not authorized to live in the United States and was removed from the country in March 2009. In March 2018, Customs and Border Patrol apprehended Rosales-Orozco in Kenedy County, Texas. Prior to this, he had not applied for legal reentry or otherwise received legal permission to reenter the United States. He was charged with illegally reentering the United States after removal in violation of 8 U.S.C. § 1326(a). Rosales-Orozco subsequently pleaded guilty with no plea agreement. The district court accepted his guilty plea, finding him guilty on the one-count indictment and scheduled his sentencing for August 15, 2018.

Before sentencing, the Government conducted a criminal background check and discovered that, in March 2005, Rosales-Orozco pleaded guilty to and was convicted of attempted sexual assault in Pennsylvania.[1]

At sentencing, the district court reviewed and adopted the presentence investigation report's (PSR) recommendations. The PSR stated that Rosales-Orozco's Pennsylvania conviction should be treated as an aggravated felony under 8 U.S.C. § 1326(b)(2), which triggers a ten-level enhancement under United States Sentencing Guidelines ("USSG") § 2L1.2(b)(2)(A). Rosales-Orozco did not object to the PSR's section 1326(b)(2) characterization. The district court adopted the classification and sentenced Rosales-Orozco to a 21-month imprisonment term with no supervised release to follow. Neither party objected to the imposed sentence.

---

[1] The underlying facts and imprisonment term are irrelevant for the purposes of this appeal.

2

No. 18-40762

Rosales-Orozco now timely appeals and contends that the district court committed reversible plain error in sentencing him under section 1326(b)(2). He was released on September 22, 2019. He nonetheless requests reformation of his judgment to avoid collateral consequences should he later attempt to gain legal reentry into the United States.

## II.

As mentioned, Rosales-Orozco did not raise any objections at sentencing and his imprisonment term has expired.[2] Failure to object warrants our plain error review of this appeal. *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc) ("[A]ll forfeited [objections] in a criminal proceeding are subject to [plain error] analysis."). For Rosales-Orozco to prevail, he must show: (1) "an error or defect"; (2) that is "clear or obvious, rather than subject to reasonable dispute"; and (3) that "affect[s] [his] substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). If these requirements are satisfied, we have discretion to correct the error "only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (citation omitted).

---

[2] Given that Rosales-Orozco has been released, a mootness issue arises, as he may no longer have a personal stake in this case's outcome. *See Campbell-Ewald Co. v. Gomez*, —— U.S. ——, 136 S. Ct. 663, 669 (2016). As we discussed in *United States v. Ramirez-Gonzales*, aggravated felonies "could potentially impact [an alien's] ability to legally reenter the country in the future." 840 F.3d 240, 245 (5th Cir. 2016). In turn, "a determination that a crime was an 'aggravated felony,' as compared to a non-aggravated felony, may give rise to sufficient collateral consequences to preserve a live controversy even where the appellant was deported." *Id.*; *accord* 18 U.S.C. § 924(e) (stating that three "crime of violence" convictions trigger 15-year mandatory minimum sentence for possessing a firearm). Because the section 1326(b)(2) aggravated-felony classification has collateral consequences, we hold that Rosales-Orozco's release does not moot this appeal.

No. 18-40762

III.

This appeal centers on whether the district court committed reversible error for considering Rosales-Orozco's previous Pennsylvania conviction as the categorical equivalent to an aggravated felony under section 1326(b)(2).

A.

The Predicate Offense is Not Categorically Equivalent to a "Crime of Violence"

We must first look to the generic offense and predicate Pennsylvania offense before evaluating whether they are categorically equivalent.

Section 1326(b)(2) is the generic offense at issue. It applies when, prior to illegal reentry, an alien was deported for being convicted of an "aggravated felony." *See* 8 U.S.C. § 1326(b)(2). As defined in 8 U.S.C. § 1101(a)(43)(F), an "aggravated felony" includes a "crime of violence [("COV")] . . . as defined in section 16 of Title 18." A COV is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[3] Section 16(a)'s COV definition is commonly referred to as the use of force, force-as-an-element, or force clause. *United States v. Ramos*, 744 F. App'x 215, 217 (5th Cir. 2018).

The predicate offense or statute of conviction is section 3124.1 of the Pennsylvania Crimes Code which prohibits sexual assault, provided that "a person commits a felony in the second degree when that person engages in intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 PA. CONS. STAT. § 3124.1.

To evaluate whether the predicate matches the generic, we employ a categorical approach. *See United States v. Conde-Castaneda*, 753 F.3d 172, 175 (5th Cir. 2014). Put differently, if the elements of Rosales-Orozco's

---

[3] We do not discuss 18 U.S.C. § 16(b) because it is unconstitutionally vague. *See Sessions v. Dimaya*, —— U.S. ——, 138 S. Ct. 1204, 1210, 1233 (2018). So Rosales-Orozco's prior conviction cannot qualify as an aggravated felony under this provision.

predicate offense "are the same as or narrower than those of the generic offense" under section 16(a), then his predicate offense may be treated as an aggravated felony for sentence-enhancement purposes. *Id.* (citing *Descamps v. United States*, 570 U.S. 254, 256–57 (2013)). We examine the elements, rather than the facts, of Rosales-Orozco's predicate offense to determine whether the statute "has as an element the use, attempted use, or threatened use of physical force against the person." 18 U.S.C. § 16(a).

According to Rosales-Orozco, the elements of his section 3124.1 conviction do not match with section 16(a)'s COV elements that would qualify it as a section 1326(b)(2) aggravated felony. The Government's counter argument is that his conviction is an aggravated felony under the force clause. Even if the predicate offense does not qualify, the Government contends that any error in classifying this offense was not clear or obvious.

The parties' arguments clarify the appeal's central issue—whether Pennsylvania's section 3124.1 requires physical force equivalent to the degree of force required for a Section 16(a) COV. The answer is no—section 3124.1 does not have a physical force element parallel to that of a COV.

Our decision in *United States v. Sarmiento-Funes* is instructive. 374 F.3d 336, 341–42 (5th Cir. 2004), *superseded on other grounds by* USSG. App. C, amend. 722, *as stated in United States v. Rodriguez-Juarez*, 631 F.3d 192, 193 (5th Cir. 2011). There, in the context of USSG § 2L1.2, which contains a nearly identical force clause, we examined Missouri's sexual assault statute. *Id.* at 339. We held that this statute did not have an element requiring the use of physical force because it encompassed conduct where the victim could assent but the law disregards the victim's assent due to a lack of capacity, "such as when it [was] the product of deception or a judgment impaired by intoxication." *Id.* at 341. Consequently, without an element of physical force, the Missouri statute was not a COV under the USSG's former definition. *Id.* at 341–42; *cf.*

*United States v. Velasco*, 465 F.3d 633, 638 (5th Cir. 2006) (stating that under USSG's force clause, "the use of physical force must be a fact that is necessary for the prosecution to secure a conviction.").

Section 16(a)'s force clause is also "almost identically worded to the use of force provisions in the [Armed Career Criminal Act (ACCA)]." *Ramos*, 744 F. App'x at 217. In *Johnson v. United States*, the Supreme Court held that in applying ACCA's identical elements clause, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010) (citation omitted) (emphasis in original). Given that the Florida battery statute could be satisfied with any intentional physical contact, "no matter how slight," the high court concluded that this state statute does not qualify under the ACCA. *Id.* Under the ACCA force clause, the physical force must be violent physical force.

Using the foregoing as guideposts, the predicate statute must require a degree of violent force to qualify as a COV under section 16(a). Section 3124.1 does not meet this benchmark as it does not require physical violent force to sustain a conviction; in turn, Rosales-Orozco's conviction is not a COV.

Pennsylvania state law supports this conclusion. For example, an appellate court made clear that section 3124.1 was enacted "to fill the loophole left by the rape and involuntary deviate sexual intercourse statutes by criminalizing non-consensual sex where the perpetrator employs little if no force." *Commonwealth v. Pasley*, 743 A.2d 521, 524 n.3 (Pa. Super. Ct. 1999); *accord Commonwealth v. Mitchell*, No. 1734 MDA 2014, 2015 WL 6951409, at *5 (Pa. Super. Ct. June 26, 2015) (unpublished) ("We recognize that sexual assault contemplates a form of rape where force is not a factor.") (citing 18 PA. CONS. STAT. § 3124.1). Indeed, as Rosales-Orozco notes, Pennsylvania courts routinely affirm section 3124.1 convictions where violent physical force was not exhibited. *See, e.g., Commonwealth v. Diaz*, 152 A.3d 1040, 1046 (Pa. Super.

No. 18-40762

Ct. 2016) (affirming conviction because "the evidence supports the findings that the victim . . . 'was intermittently unconscious throughout the assault and was at all relevant times in such impaired physical and mental condition so as to be unable to knowingly consent'" (quoting *Commonwealth v. Erney*, 548 Pa. 467, 473 (Pa. 1997))); *Commonwealth v. Thompson*, No. 1087 MDA 2017, 2018 WL 3193082, at \*3 (Pa. Super. Ct. June 29, 2018) (unpublished) (upholding conviction as supported by sufficient evidence where "the Victim was asleep [from drinking] when [the defendant] began the sexual intercourse. As such, the Victim could not have consented . . . to the sexual intercourse."); *In the Interest of R.S.A.*, No. 3114 EDA 2015, 2017 WL 2399630, at \*1–6 (Pa. Super. Ct. June 2, 2017) (unpublished) (affirming conviction in a case involving a "thirteen-year-old Appellant deceiv[ing] [a] seven-year-old Victim by luring her into bathroom under false pretenses . . . [and] trick[ing] [her] into opening her mouth to receive a treat" and instead orally penetrating her). Without an element of violent physical force similar to section 16(a), this predicate offense cannot fit in the prism of the force clause. Thus, section 3124.1 does not qualify as a COV under the force clause—and therefore is not a section 1326(b)(2) aggravated felony. *Accord United States v. Owens*, 672 F.3d 966, 971 (11th Cir. 2012) (stating that Alabama offenses of second-degree rape and second-degree sodomy were not violent felonies under the ACCA's force clause because the statutes covered sexual intercourse with victims that were legally incapable of consent).

## B.

### The Error Does Not Merit Reversal

We assume without deciding that this was plain error. We nonetheless conclude that the error did not seriously affect the fairness, integrity, or public reputation of the proceedings. *See Puckett*, 556 U.S. at 135. Despite being sentenced under section 1326(b)(2), Rosales-Orozco received a sentence within

the statutory range for a conviction under section 1326(a) and has already been released from prison. Nor are any potential immigration consequences fundamentally unfair. Rosales-Orozco apparently has no plans to return to the United States. He testified under oath at his sentencing hearing that "the only thing that I ask for is a chance to return to my family and not to return here again." And were he to change his mind and try to return lawfully, his two prior illegal entries and his conviction for attempted sexual assault—regardless of whether it categorically constitutes a "crime of violence"—would undoubtedly present major obstacles to securing a visa.

## IV.

For the foregoing reasons, we AFFIRM Rosales-Orozco's sentence and the section 1326(b)(2) penalty enhancement.